In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00066-CV

                                                ______________________________

 

 

 

                                                IN
RE:  VANESSA MARIE REED

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            Vanessa Marie Reed, mother of the
children involved, has filed a petition for writ of mandamus asking this Court
to order the trial judge to set aside an order overruling her plea to the
jurisdiction and to dismiss with prejudice the petition for conservatorship
filed by the children’s grandfather and his wife.  In her plea to the jurisdiction, Reed argues
that the trial court had no subject-matter jurisdiction because the opposing
parties lacked standing to file a suit affecting the parent-child relationship.  Tex.
Fam. Code Ann. §§ 102.003–.004 (West 2008).  

            We grant the extraordinary relief of
mandamus only when the trial court has clearly abused its discretion and the
relator lacks an adequate appellate remedy. 
In re Team Rocket, L.P., 256 S.W.3d 257 (Tex. 2008) (orig. proceeding).  With respect to the resolution of factual
issues or matters committed to the trial court’s discretion, the reviewing
court may not substitute its judgment for the trial court.  In re
Sanders, 153 S.W.3d 54, 56 (Tex. 2005) (orig. proceeding).  The relator must establish that the trial
court could reasonably have reached only one decision.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)
(orig. proceeding).  

            Standing is a prerequisite to
subject-matter jurisdiction, which is essential to a court’s power to decide a
case.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 553–54 (Tex.
2000).  A party may challenge the absence
of subject-matter jurisdiction by a plea to the jurisdiction and by other
procedural vehicles.  Id. at 554.  A plea to the jurisdiction is a dilatory
plea, the purpose of which is to defeat the alleged claims, without regard to
whether they have merit.  Id.  The purpose of a dilatory plea is not to force
a plaintiff to preview its case on the merits, but to establish a reason why
the merits of its case should never be reached. 
Id.  The Texas Supreme Court has emphasized that a
court should not decide standing issues based on its views of the merits: 

In
deciding a plea to the jurisdiction, a court may not weigh the claims’ merits
but must consider only the plaintiffs’ pleadings and the evidence pertinent to
the jurisdictional inquiry.  When we
consider a trial court’s order on a plea to the jurisdiction, we construe the
pleadings in the plaintiff’s favor and look to the pleader’s intent.  

 

County of Cameron
v. Brown, 80
S.W.3d 549, 555 (Tex. 2002) (citations omitted).  The court should confine itself to the
evidence relevant to the jurisdictional issue. 
In re Sullivan, 157 S.W.3d 911,
915 (Tex. App.––Houston [14th Dist.] 2005, orig. proceeding).

            Section 102.003(a)(9) of the Texas
Family Code provides in relevant part that an original suit may be filed by a
person “who has had actual care, control, and possession of the child for at
least six months ending not more than 90 days preceding the date of the filing
of the petition.”  Tex. Fam. Code Ann. § 102.003(a)(9).  The statute further states:

            (b)        In
computing the time necessary for standing under Subsections (a)(9), (11), and
(12), the court may not require that the time be continuous and uninterrupted
but shall consider the child’s principal residence during the relevant time
preceding the date of commencement of the suit.

            

Tex. Fam. Code Ann. § 102.003(b). 
The court found that the grandfather and his wife had standing because
the children had been “in the continuous possession of the Petitioners in
excess of six months prior to filing this petition, and the children’s present
circumstances with Respondent would significantly impair the children’s
physical health or emotional development.” 


            In the petition by the children’s
grandfather and his wife, it was alleged that the children had been in their
continuous possession for over six months and that their present circumstances
would significantly impair the children’s physical health or emotional
development.  They support the petition
with an affidavit stating that Reed (respondent/relator) was addicted to
alcohol and various controlled substances and that she has been physically
abusive to the children.  They further
stated in the affidavit that they had observed Reed and her boyfriend, Dan
Light, while they believed both to be under the influence of alcohol or drugs,
driving with the children in the vehicle. 


            The petition was signed April 8,
2011,[1]
an answer was filed, and the court conducted an evidentiary hearing on April 21.  The court issued its order denying the plea
to the jurisdiction on May 4, 2011.  

            At the evidentiary hearing, the grandfather
testified that Reed had lived with Light in the house next door for about six
months, and before that Reed and the two children had lived in his house.  He testified that even after Reed moved next
door, the children stayed with him and his wife, that one girl spent a lot of
time at his house overnight, and that the other one only occasionally spent the
night at Reed’s house.  He testified Reed
had a job out of town and that the children stayed with them, with either a
grandparent or Reed taking them to school and a grandparent picking them
up.  He testified that he and his spouse
had been providing for these two grandchildren—providing care, food, clothing, and
shelter––and that they had control over the children for the last six months
continuously.  

            Reed testified that the children had
a room in her house and that they had lived with her the last six months.  She testified that she and the children began living
with her father in July 2009, and did so through March 2010.  By the time of the hearing, Reed had been
living in a separate house, next door to her father and stepmother, for
approximately thirteen months.

            Cristy Brown, a Child Protective
Services worker who was working with Reed testified that she had been working
with her since 2006, but no details about the nature of the contact were
elicited.

            The court concluded that the
grandparents, though they did not have exclusive control over the children, had
at least fifty percent of the control, and denied Reed’s plea to the
jurisdiction.

            The pleadings and evidence elicited
in the hearing held to determine standing do not show exclusive possession of
the children by the petitioners.  They
both show, however, that the children spent an extraordinary amount of time
with the petitioners, and that the petitioners exercised a high degree of care
and control of the children.  

            The statute does not require
exclusive possession.  The question is
whether the court abused its discretion by determining that the petitioners had
sufficient care, control, and possession of the children over the past six
months to have standing to bring this suit.  The pleadings and evidence are such that we
cannot conclude that the trial court could reasonably have reached only one
conclusion; thus, we will not invade the trial court’s determination on these
factual matters.  See In re M.P.B., 257
S.W.3d 804 (Tex. App.—Dallas 2008, no pet.) (child lived with grandmother for
three months, then moved to nearby apartment with mother; afterward, child
spent significant time with grandmother––every weekend, holidays, spent more
time with grandmother than at mother’s apartment; grandmother was significantly
involved in raising child and as much or more caregiver than mother––held to
establish standing).  

            In addition, under Section
102.004(a)(1) of the Texas Family Code, the grandfather may have standing to
bring suit if there is satisfactory proof that “(1) the order requested is
necessary because the child’s present circumstances would significantly impair
the child’s physical health or emotional development.”  Tex.
Fam. Code Ann. § 102.004(a)(1).

            If sufficient proof is shown, this
would authorize standing by the grandfather.  The affidavit of the grandfather and his wife
states facts that would support such a conclusion.  Counsel questioned Reed at length, eliciting
testimony that since 2005, she had pending criminal charges in Georgia of
cruelty to children in the second degree. 
Reed acknowledged that she and Light were living together (with his
thirteen-year-old son), but stated that she had not seen Light abuse the
children, although she had seen him hit his dog (Light picked up the dog’s chain
and “popped” her).  Photographs of the
children taken by the grandfather’s wife were introduced, showing what appeared
to be bruises and whelps across the face of one child and the legs of
another.  There was also evidence about
the condition of the mother’s house, which was described as filthy.  

            The mother testified that things had
improved since the photographs were taken. 
She acknowledged that she had formerly used methamphetamine, but stated
that she had not done so for more than eight years.  When asked if she had an explanation for the
apparent bruising of the children, she had none.  She also testified that she did not leave the
girls alone with Light because his daughter had claimed that something bad had
happened, and Reed wanted to avoid allowing a situation where her own daughters
could make such claims—and also to keep her stepmother from complaining about
it.  She denied that a child had been
thrown into bed by the hair by Light—she did not believe that it had happened.  

            The grandfather testified that his nine-year-old
son had told him the bruises on one girl may have resulted “from when Dan Light
picked the baby up by the arm and the leg and threw her in her bed because she
would not stop crying.”  The grandfather also
testified that he saw Light pulling his dog off a pig, picking it up with the
collar and hitting it with his fist in the head.  He testified that he had concluded that the
children had been abused because of statements made by the children (the two at
bar, and three others).  He also stated
that in the ten days before the hearing that the children had been with them,
the mother had made no effort to contact the children.  

            We have reviewed the pleadings and
the evidence introduced that is pertinent to the jurisdictional inquiry.  Blue,
34 S.W.3d at 554–55.  In so doing, we
have confined ourselves to the evidence relevant to the jurisdictional
issue.  Sullivan, 157 S.W.3d at 915.  We cannot find that the trial court clearly
abused its discretion.  

            We
deny the petition for writ of mandamus.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          August
3, 2011

Date Decided:             August
4, 2011

 











[1]The
copies provided were certified by the district clerk as being part of the file
in this case, but the documents were not file-marked by the clerk when
received.